UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN POULLARD** | **CIVIL ACTION NO. 6:15-cv-0513** |
|     **LA. DOC #98999** | |
| **VS.** | **SECTION P** |
| | **JUDGE DOHERTY** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE HILL** |

<u>**REPORT AND RECOMMENDATION**</u>

*Pro se* petitioner John Poullard, an inmate in the custody of the Louisiana Department of Corrections filed the instant petition for federal writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on March 4, 2015. Petitioner attacks his 1987 conviction for attempted second degree murder for which he was sentenced to fifty year imprisonment by the Twenty-Seventh Judicial District Court for St. Landry Parish, Louisiana in the matter entitled *State of Louisiana v. John Poullard*, Docket No. 86-0623.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed second and successive and, accordingly, **DISMISSED** for lack of jurisdiction.

<u>**Statement of the Case**</u>

On February 20, 1987, petitioner was convicted of attempted second degree murder for which he was sentenced to serve fifty years imprisonment. Petitioner's conviction and sentence were affirmed on direct appeal. *State of Louisiana v. John*

*Poullard*, 532 So.2d 327 (La. App. 3 Cir. 10/5/1988); *certiorari denied*, 538 So.2d 588 (La. 2/24/1989). His collateral attacks in State court were unsuccessful.

Thereafter, on June 20,1989, petitioner filed a petition for federal writ of *habeas corpus* attacking his attempted second degree murder conviction under Docket Number 86-0623. He raised four claims for relief: (1) that the trial court erred in allowing the testimony of two witnesses (Lee Morrison and Donald Godfrey), (2) that the trial couer erred in granting the State a recess, (3) that his conviction was in violation of his double jeopardy right and, (4) that he was denied the effective assistance of counsel. Following an Answe by the State, and a June22, 1990 Report and Recommendation addressing the merits of each claim by Magistrate Judge Methvin, the petition was denied and dismissed by Judge Shaw on August 21, 1990. *John Poullard v. Warden, L.S.P.*, Civil Action No. 4:89-cv-1434 at Docs. 1 (petition), 31 (Report and Recommendation), 43 (judgment). *See* Court Exhibit 1, attached. The Fifth Circuit affirmed this Court's judgment on August 1, 1991. *Poullard v. Whitley,* Docket No. 90-4657 (5th Cir. 8/1/1991) (unpublished). *Id.* at Doc. 49.

In November, 1993, petitioner filed another petition for federal writ of *habeas corpus* attacking his attempted second degree murder conviction under Docket Number 86-0623; on May 20, 1994 the petition was dismissed with prejudice. *John Poullard v. Warden, L.S.P.*, Civil Action No. 6:93-cv-2015 at Docs. 1 (petition) and 10 (judgment) (Note: Documents are not available on CM/ECF.).

Thereafter, petitioner filed multiple petitions in the United States Fifth Circuit Court of Appeal seeking authorization to file a second or successive federal *habeas corpus* petition in this Court. All such requests were denied. *In re: John Poullard*, No. 97-583 (filed 12/1/1997, denied 12/18/1997); *In re: John Poullard*, No. 99-31090 (filed 10/8/1999, denied 11/8/1999); *In re: John Poullard*, No. 04-30231 (filed 3/12/2004, denied 4/20/2004) (Note: These Documents are not available on PACER.)

On December 11, 2006, petitioner filed a motion in the Fifth Circuit seeking authorization to file a successive federal *habeas* petition on the grounds that the prosecutor threatened a witness with imprisonment if she did not testify against petitioner at trial. Authorization was denied on February 7, 2007 and petitioner was warned that future attempts to file motions that do not meet the standards of Section 2244(b) would result in the imposition of sanctions. *In re: John Poullard*, No. 06-31266.

On November 7, 2011, petitioner filed another motion in the Fifth Circuit seeking authorization to file a successive federal *habeas* petition on the grounds that he was denied counsel on appeal. Authorization was denied and sanctions were imposed. Petitioner was ordered to pay $100 to the Clerk of Court and the Clerk was directed to reject any future motions seeking authorization to file a successive federal *habeas corpus* petition until the sanction was paid in full. *In re: John Poullard*, No. 11-31064.

Undaunted, on March 21, 2014, petitioner filed a petition for federal writ of *habeas corpus* in this Court. He again attacked his conviction for attempted second

degree murder under Docket No. 86-0623, this time raising a claim of ineffective assistance of counsel based on counsel's alleged failure to convey a plea offer from the State.  On April 10, 2014 Chief Judge Dee D. Drell, noting that petitioner had not yet paid the sanction ordered by the Fifth Circuit, denied petitioner's motion to proceed *in forma pauperis*, and ordered the case to be dismissed and closed.  On May 8, 2014, petitioner filed a motion to reopen/reinstate the case, and when that motion was denied, petitioner appealed to the Fifth Circuit Court of Appeal.  *John Poullard v. Burl Cain, Warden*, No. 1:14-cv-0715 at Docs. 1 (petition), 3 (memorandum order of Judge Drell), 4 (motion to reopen), 5 (order denying motion to reopen).

On February 23, 2015, Judge James L. Dennis of the Fifth Circuit advised that petitioner had indeed paid the sanction and allowed him to "refile his *habeas* petition in the district court" with instructions "that court will not dismiss it [the petition] as a result of the previously unpaid sanction." *John Poullard v. Burl Cain, Warden*, No. 14-30521.

Petitioner filed the instant petition on March 4, 2015. Once again petitioner attacks his 1987 conviction for attempted second degree murder in the case assigned Docket Number 86-0623 of the Twenty-Seventh Judicial District Court. In this petition, petitioner claims ineffective assistance of counsel based on counsel's alleged failure to convey a plea offer.

## Law and Analysis

As petitioner is well aware, 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This is yet another in a long line of petitions and requests for authorization to file petitions for federal *habeas corpus* relief in which petitioner attacks, or attempts to attack, his 1987 attempted second degree murder conviction.

The Supreme Court has found that the phrase "second or successive" does not encompass all "applications filed second or successively in time." " *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012) *citing Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 2796 (2010). Rather, it "must be interpreted with respect to the judgment challenged." *Id*. *citing Magwood*, 130 S.Ct. at 2797. AEDPA's bar on second or successive petitions therefore applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an earlier-in-time petition. *Id. citing Burton v. Stewart*, 549 U.S. 147, 156, 127 S.Ct. 793 (2007). The Supreme Court has further held that the phrase "second or successive" applies to an entire application, not individual claims in an application. *Magwood* , 130 S.Ct. at 2798 ("AEDPA uses the phrase 'second or successive' to modify 'application.').

The Fifth Circuit has found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the

meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) *citing Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner received an adjudication on the merits of his claims.

The Fifth Circuit has also found that a later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In Re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

Under the above standard, the instant petition is unquestionably second and successive. This petition attacks the same conviction that was the subject of petitioner's previous petitions in this Court. Petitioner's ineffective assistance of counsel claim either was or could have been raised in his previous petitions. Furthermore, petitioner's previous *habeas corpus* petitions were dismissed with prejudice on the merits.

Finally, petitioner has sought and been denied permission from the Fifth Circuit Court of Appeals to file a successive federal petition on numerous occasions. While petitioner is no longer prohibited from filing by virtue of the Fifth Circuit's sanction order, his payment of the sanction does not otherwise exempt him from the operation of Section 2244(b)(3)(A).

Petitioner has never received permission from the Fifth Circuit to file this petition in this District Court as required by the statute.  Therefore this Court lacks jurisdiction to consider petitioner's claims. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).  Accordingly, the undersigned finds that this petition seeking federal *habeas corpus* relief, should be dismissed.[1]

**IT IS THEREFORE RECOMMENDED** that the instant second and successive petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by John Poullard be **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

---

[1] Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred); *See also United States v. Fulton*, - - F.3d - - , 2015 WL 1208061, *2 (5th Cir. 3/16/2015) *citing In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (per curiam).  To the contrary, a district court may dispose of a petition lacking authorization through dismissal.  *Fulton*, - - F.3d - - , 2015 WL 1208061, at *2 *citing United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).  In this case, the Fifth Circuit has already denied petitioner authorization to file a second or successive federal *habeas corpus* petition on numerous occasions.  Accordingly, under these circumstances, it would serve no purpose for this court to transfer this petition to the Fifth Circuit for additional review.  Therefore, the undersigned concludes that the appropriate action for this court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana on May 28, 2015.

*/s/ C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE